## IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BAR INDY, LLC et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No.: 1:20-cv-02482-JMS-DML |
| | ) | |
| CITY OF INDIANAPOLIS, et al., | ) | |
| | ) | |
| Defendants | ) | |

## BRIEF IN SUPPORT OF JUDGMENT ON THE PLEADINGS

Bar Indy, LLC, et al. ("Plaintiffs") sued the City of Indianapolis, Mayor Joe Hogsett in his official capacity, the Marion County Public Health Department, and Dr. Virginia Caine in her official capacity. Plaintiffs seek to recover damages allegedly sustained due to the outbreak of the novel, worldwide pandemic of COVID-19. Plaintiffs claim that (1) Public Health Order 29-2020 violates the Indiana Constitution Article 1 Sec. 23; (2) Public Health Order 29-2020 violates the Indiana Constitution Article 1 Sec. 21; (3) Public Health Orders 22-2020, 25-2020, and 29-2020 violate home rule; and (4) defendants have violated federal law in four respects redressable under 42 U.S.C. § 1983.

When it comes to the City Defendants, Plaintiffs are barking up the wrong tree. The City Defendants are not responsible for public health orders issued by the Marion County Public Health Department and Dr. Virginia Caine. They are entitled to judgment on the pleadings because (1) the Plaintiffs lack standing to sue the City

in such a matter; (2) the Plaintiffs have failed to state a claim against the City upon which relief can be granted and (3) Plaintiffs have failed to state a claim under §1983.

## Statement of Facts

To combat the largely unknown, lethal, and contagious COVID-19 public health pandemic, Governor Eric Holcomb issued Executive Order 20-02 on March 6, 2020, declaring a public health emergency in the State of Indiana. [Dkt 1-2. *Verified Complaint for Damages*, pg. 4]. During public health crises like the COVID-19 pandemic, governments are afforded some emergency powers to address public health and safety issues. *Id.* Accordingly, Governor Holcomb subsequently issued Executive Order 20-04 on March 16, 2020, ordering bars and restaurants to be closed to in-house patrons beginning March 16, 2020, in order to "flatten the curve." *Id.* The statewide lockdown remained in place until May 1, 2020, while only essential businesses were allowed to remain open. *Id.*

The Governor's statewide lockdown was attenuated in various stages. *Id.* at 5. Under the Governor's plan, beginning on May 4, 2020, restaurants and bars that served food could open with limited capacity while bars and nightclubs remained ordered closed. *Id.* As the Governor continued to relax restrictions statewide on June 12, 2020, bar seating was restored to 50% capacity and dining room service for restaurants and bars that served food was increased to 75%. *Id.*

Consistent with the Governor's plan, Virginia Caine, M.D., the Director and Chief Medical Officer of the Marion County Public Health Department (MCPHD) issued Order 16-2020 on June 11, 2020, which allowed bar seating and bars to reopen at 50% capacity effective June 19, 2020. *Id.* However, about a month later,

2

Dr. Caine responded to a "recent increase of new cases nationwide [of coronavirus] with a trend toward cases in a younger population," *id.* at 6, by issuing Public Health order 22-2020 on July 24, 2020, closing bars and nightclubs from 12:00 a.m. to 5 a.m. *Id.* These restrictions were then continued by the Marion County Public Health Department through Order 29-2020 and remained in effect until at least September 20, 2020. *Id.* at 8.

This lawsuit followed as Plaintiffs are numerous bars and nightclubs in Indianapolis that allege various financial losses as a result of the pandemic and restrictions outlined in these public health orders. *Id.* at 3. By and large, Plaintiffs complain of a loss of revenue compared to last year's revenue over the same period. *Id.* at 11, 42-82. Plaintiffs allege their losses are at the hand of COVID-19 and due to the increased restrictions of Marion County Public Health Department Orders 22-2020, 25-2020, and 29-2020. *Id.* at 11. They also allege the City acted in conjunction with the Marion County Health Department. *Id.* at 5.

## **Legal Standard**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). The Federal Rules of Civil Procedure also require district courts to dismiss any complaint for which the plaintiff lacks standing. FED. R. CIV. P. 12(B)(1). The essence of standing is "whether the litigant is entitled to have the court decide the merits of the dispute of particular interest." *Apex Digital, Inc, v. Sears, Roebuck & Co.*, 572

F.3d 440, 443 (7th Cir. 2009) (internal citations omitted) As a jurisdictional requirement, plaintiff bears the burden of establishing standing. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440 (7th Cir. 2009). In order to survive a motion to dismiss for lack of standing under Federal Rule 12(B)(1), the plaintiff must prove all three elements of standing. *Snyder v. Smith*, 7 F. Supp. 3d 842 (S.D. Ind. 2014). First, plaintiff must prove he or she has suffered an "injury of fact an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*. at 856. Second, there must be a causal connection between the injury and the conduct complained of. *Id*. Finally, it must be likely that the harm is redressable by a favorable decision. *Id.*

The Federal Rules of Civil Procedure also require district courts to dismiss any complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(B)(6). To survive a motion to dismiss under Rule 12(B)(6), a complaint "must state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 5445 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest. *Twombly*, 550 U.S. at 555.

Factual allegations are accepted as true at the pleadings stage, but pleadings consisting of no more than mere conclusions are not entitled to the

presumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Such boilerplate language cannot survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir., 2012).

## ARGUMENT

### A. The allegations against the City of Indianapolis and Mayor Hogsett should be dismissed because Plaintiffs lack standing.

Constitutional jurisprudence dictates that standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'". *Id*. (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Id*. (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id*. at 561. *Snyder v. Smith*, 7 F. Supp. 3d 842 (S.D. Ind. 2014). In order to survive a motion to dismiss for lack of standing, plaintiffs must demonstrate that the injury is "fairly traceable to the complained-of conduct of the defendant." *Sanner v. Bd. of Trade of City of Chicago*, 62 F.3d 918 (7th Cir. 1995);

*Luebbehusen v. Wal-Mart Stores, Inc.*, 2006 WL 3590638 (7th Cir. 2006). This the Plaintiffs cannot do.

Plaintiffs have failed to make a causal connection between the injury alleged and the conduct complained of as it relates to the City Defendants. Ind. Code §16-20-1-21 provides that each local health board has the responsibility and authority to take any action authorized by statute or rule of the state department to control communicable diseases. MCPHD issued public health orders in response to COVID-19. Plaintiffs allege that MCPHD's public health orders in "conjunction and/or with the support of the City of Indianapolis and Mayor Joe Hogsett" caused plaintiff's financial harm. [Dkt 1-2. *Verified Complaint for Damages*, pg. 6]. This lonely, unsupported allegation does not carry Plaintiffs' burden of demonstrating a traceable connection between any harms they might have suffered at MCPHD's hands and the acts or omissions of the City of Indianapolis – a separate legal entity that did not issue these public health orders. While Mayor Hogsett and the City of Indianapolis may consult with and provide public support to orders issued by the MCPHD, that is a far cry from being responsible for their issuance or enforcement. Basic, fundamental rules of civil procedure dictate that the City of Indianapolis and Mayor Hogsett are the wrong defendants in such a lawsuit.

Plaintiffs have failed to name one action other than operating in "conjunction" with MCPHD that details why the City of Indianapolis and Mayor Hogsett have any involvement whatsoever to this lawsuit. Plaintiffs' *Memorandum in Support of Their Motion for Preliminary Injunctive Relief* does not allege any misconduct against City of Indianapolis or Mayor Hogsett. Instead, both the *Verified Complaint for Damages*

6

and the *Plaintiffs' Memorandum in Support of Their Motion for Preliminary Injunctive Relief* merely point out that the Mayor is the chief executive tasked with enforcing state and local ordinances. [*Plaintiffs' Memorandum in Support of Their Motion for Preliminary Injunctive Relief* - Docket 17]. That is true enough as a matter of state law; however, MCPHD is a municipal corporation with a separate statutory enabling authority, a separate executive, and a separate set of powers. Plaintiffs' Complaint repeatedly cites the statutory authority under which MCPHD—not the City or the Mayor—issued its orders. Plaintiffs may dispute whether those orders were proper or wise, but there is no question who issued them.

This points to another obstacle to Plaintiffs' standing: the City of Indianapolis and Mayor Hogsett cannot provide Plaintiffs' the relief they request in this case. The City cannot issue orders on behalf of the MCPHD, nor can it rescind orders they issued. The City does not enforce public health orders issued by the MCPHD, which has its own enforcement powers under Indiana Code Sec. 16-20-1-24. Simply put, the City of Indianapolis and Mayor Hogsett are the wrong party to afford the relief sought in this case.

### B. Plaintiffs have failed to allege a claim upon which relief can be granted against the City of Indianapolis and Mayor Hogsett.

In order for a complaint to state a claim upon which relief can be granted, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged that caused plaintiff's injury. *Mann v. Vogel*, 707 F.3d 872 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 566 U.S. 662 (2009).

Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 678. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the court to draw on judicial experience and common sense. *Id.*

A claim based upon "naked assertions" is no claim at all. *Id.* at 678. In *Iqbal*, Iqbal was arrested on criminal charges and detained by federal officers. *Id.* Iqbal sued Ashcroft, the former Attorney General of the United States, Robert Mueller, the Director of the Federal Bureau of Investigation, and alleged that together Ashcroft and Mueller adopted an unconstitutional policy that subjected Iqbal to harsh conditions based on Iqbal's race and national origin. *Id.* at 667. Iqbal's complaint argued that Ashcroft was the chief architect of the plan and that Mueller was instrumental in executing it. *Id.* at 681. The Court dismissed the complaint citing its decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) that nonconclusory factual allegations of parallel behavior, if consistent with an unlawful agreement, does not plausibly suggest an illicit accord, but rather, is more likely explained by lawful, unchoreographed free-market behavior. *Id.* The Court further reasoned that a complaint will not suffice if it tenders "naked assertion[s]" devoid of further factual enhancement. *Id.* at 678. Thus, Iqbal's complaint failed to state a claim upon which relief could be granted. *Id.* So too here.

Just as in *Iqbal*, Plaintiffs have failed to assert more than naked assertions against the City of Indianapolis and Mayor Hogsett. The bare bones assertion that Dr. Caine and Mayor Hogsett were working in conjunction, almost identical to the

8

unadorned, speculative allegation of collusion in *Iqbal*, is not enough to state a claim upon which relief can be granted because "naked assertions" of parallel behavior cannot establish a claim. *Id*. at 678.

Aside from references of the Mayor and the City working in conjunction with MCPHD, there are scant references in the Plaintiffs' Complaint about the City or the Mayor. The closest Plaintiffs comes to actual allegations against either of the City Defendants is the allegation that "Defendant Mayor Joe Hogsett, named in his official capacity, is the Mayor of the City of Indianapolis and is generally charged with enforcing the laws of the City of Indianapolis, and issued Executive Orders on March 16, 2020, declaring a Local Disaster Emergency." [Dkt 1-2. *Verified Complaint for Damages*, pg. 32-33]. First, this Executive Order is not any part of the Plaintiffs' claimed constitutional violations. [see generally, *Verified Complaint for Damages*, Dkt. 1-2]. All the Plaintiffs' claims list the MCPHD orders as the basis for the alleged constitutional violations. *Id*. Second, the Plaintiffs have failed to plead any constitutional violation associated with this Executive Order.

### C. The *Monell claims against the City and Mayor Hogsett fail.*

The Plaintiffs' Section 1983 claims against the City are evaluated under the mandates of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Under *Monell,* a municipality may only be held liable under §1983 for constitutional violations caused by the municipality itself through its own policy or custom. *Id*. at 694. Municipal liability exists only when execution of a government's policy or custom, whether made by its lawmakers or by those whose

edicts or acts may be fairly said to represent official policy, inflicts the injury. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

In *Monell*, the Court "conclud[ed] that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. 436 U.S. at 691. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694. Rather, in order to establish governmental liability, Plaintiff bears the burden of producing evidence sufficient to show: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'" *Estate of Crouch v. Madison Cty.*, 682 F. Supp. 2d 862, 877 (S.D. Ind. 2010) (quoting *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007))).

Plaintiffs' complaint nowhere identifies an actual policy, practice, or custom the City was supposed to have or condoned. The plaintiff bears the burden of pleading the existence of a municipal custom or practice that abridges their federal constitutional or statutory rights. *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 57 (D.D.C. 2011). And the absence of this alone forecloses the Plaintiffs' claim, *see Id.* at 58-59 (discussing cases in which district courts have dismissed *Monell* claims when a plaintiff failed to sufficiently alleged the existence of a policy or custom in the

complaint); *Meyers v. Sullivan*, 2017 WL 5125767, at *3 (E.D.N.Y. Aug. 23, 2017) ("Thus to withstand the City's motion to dismiss, plaintiff must allege that he suffered a constitutional violation and 'identify the existence of a municipal policy or practice that caused the alleged constitutional violation.' *Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016)."); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [plaintiff] must identify a custom or policy, and specify what that custom or policy was.").

Notably, Plaintiffs only attack the City of Indianapolis' and Mayor Hogsett's support of MCPHD's public health orders. Plaintiffs do not allege sufficient facts to make out a constitutional violation for the claim that the City of Indianapolis' and Mayor Hogsett's acting in conjunction with MCPHD's orders violated any constitutional rights. There is no evidence that any policy, custom or practice caused a constitutional violation. Even assuming *arguendo* for purposes of this motion that there was a constitutional violation, there is no evidence that a person with "final policymaking authority" for the City Defendants caused the constitutional violation alleged by the Plaintiffs.

For these reasons, Plaintiffs §1983 claims against the City Defendants fail under the mandates of *Monell*.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiffs Complaint against the City of Indianapolis and Mayor Joe Hogsett, with prejudice and for all other relief that is just and proper.

Respectfully Submitted,

11

 /s/Anne C. Harrigan
Anne C. Harrigan, 23601-64
Chief Litigation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: anne.harrigan@indy.gov


 /s/ Michael J Sullivan
Michael J. Sullivan (33836-49)
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: michael.sullivan@indy.gov

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing was filed electronically on the 12th day of November, 2020. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

_ /s/ Michael J Sullivan_____
Michael J. Sullivan (33836-49)
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: michael.sullivan@indy.gov

Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968