UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BAR INDY LLC, REVEL BAR INDY LLC, ISENTARK ENTERTAINMENT, LLC, BEMBARS, INC., R&D COMPANIES, INC., WHISTLE STOP INN INC., CLASSIC 46, INC., NEW JOURNEY, LLC, I2V, LLC, KORE ENTERPRISES, INC., BASEY LLC, MILO ENTERTAINMENT LLC, 5135 HOLDINGS INC., D&D LUGAR INC., and TAD INDY INC., <br><br>        *Plaintiffs*, <br><br>vs. <br><br>CITY OF INDIANAPOLIS, JOE HOGSETT, *in his official capacity as Mayor of Indianapolis*, MARION COUNTY PUBLIC HEALTH DEPARTMENT, and DR. VIRGINIA CAINE, *in her official capacity as Director and Chief Medical Officer of the Marion County Health Department*, <br><br>        *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     1:20-cv-02482-JMS-DML |

## **ORDER**

Plaintiffs—owners of bars and nightclubs in Marion County, Indiana—filed this lawsuit challenging public health orders issued by Defendants Marion County Public Health Department (the "MCPHD") and its director and chief medical officer Dr. Virginia Caine (collectively, the "MCPHD Defendants") in response to the COVID-19 pandemic. Plaintiffs also sued Defendants City of Indianapolis and Indianapolis Mayor Joe Hogsett (collectively, the "City Defendants") over the orders. Pending before the Court is a Motion for Judgment on the Pleadings, [Filing No. 29], filed by the City Defendants seeking dismissal of the lawsuit filed against them by Plaintiffs. The motion is now ripe for the Court's decision.

# I.
## BACKGROUND

This Court previously issued an Order extensively detailing the allegations and claims in this lawsuit. [Filing No. 33.] The Court repeats only the allegations directly relevant to the pending Motion.

To mitigate the spread of the COVID-19 virus, the MCPHD through Dr. Virginia Caine as its director and chief medical officer, has issued (and continues to issue) Public Health Orders applicable to individuals and businesses in Marion County, including certain restrictions on the operations of bars and nightclubs. *Available at* "Public Health Orders," http://marionhealth.org/homeslider/latest-on-coronavirus/ (last accessed Jan. 4, 2021).[1] Plaintiffs allege that because of the restrictions contained in the Public Health Orders at issue, they "have lost significant, irreplaceable revenue, laid off employees, have incurred significant debt" and are in "danger of permanent closure." [Filing No. 1-2 at 12.] Each Public Health Order relevant to this case cites Indiana Code § 16-20-1-24—which provides that "local health officers may . . . forbid public gatherings when considered necessary to prevent and stop epidemics"—as the authority for the MCPHD Defendants to issue the order. [Filing No. 1-2 at 12.]

Plaintiffs bring several claims in their Complaint challenging some of the Public Health Orders. Plaintiffs assert the following claims in their Complaint:

(1) Public Health Order 29-2020 violates the Indiana Constitution, Article 1, § 23;

(2) Public Health Orders 22-2020, 25-2020, and 29-2020 violate the Indiana Constitution, Article 1, § 21;

(3) Public Health Orders 22-2020, 25-2020, and 29-2020 violate the Indiana Home Rule Act, Ind. Code § 36-1-3-8;

---

[1] All Public Health Orders issued in response to COVID-19 are available for download at the above stated link to the MCPHD's website.

(4) Public Health Orders 22-2020, 25-2020, and 29-2020 violate the Takings Clause in the Fifth Amendment of the U.S. Constitution, giving rise to a claim under 42 U.S.C. § 1983;

(5) Public Health Orders 22-2020, 25-2020, and 29-2020 violate Plaintiffs' substantive due process rights under the U.S. Constitution, giving rise to a claim under 42 U.S.C. § 1983;

(6) Public Health Orders 22-2020, 25-2020, and 29-2020 violate Plaintiffs' procedural due process rights under the U.S. Constitution, giving rise to a claim under 42 U.S.C. § 1983; and

(7) Public Health Orders 22-2020, 25-2020, and 29-2020 violate the Equal Protection Clause in the Fourteenth Amendment of the U.S. Constitution, giving rise to a claim under 42 U.S.C. § 1983.

[Filing No. 1-2 at 31-40.] Plaintiffs also bring a claim for declaratory judgment seeking declarations that:

(1) "Public Health Orders 22-2020, 25-2020, and 29-2020 are in violation of the Indiana Constitution under: ARTICLE 1 § 21 (taking of property without just compensation), § 23 (equal privileges and immunities) and § 25 (takings effect clause), ARTICLE III § 1 (distribution of powers), and ARTICLE 4 § 1 (legislative authority vested in the General Assembly)";

(2) "Public Health Orders 22-2020, 25-2020, and 29-2020 are in violation of Plaintiffs' right to equal protection of the law as guaranteed by the United States Constitution"; and

(3) "Public Health Orders 25-2020 and 29-2020 are in violation of Plaintiffs' right to property under the Indiana and Federal Constitution."

[Filing No. 1-2 at 40.] Plaintiffs also request injunctive relief, asking for an order "preventing Defendants from enforcing any restriction in Public Health Orders 22-2020, 25-2020 and 29-2020 and [from] issuing any further orders which violate Plaintiffs' rights." [Filing No. 1-2 at 41.]

Plaintiffs allege that the City Defendants had a hand in one of the challenged Public Health Orders issued by the MCPHD Defendants. Specifically, Plaintiffs allege that "Dr. Caine, in conjunction with [Indianapolis Mayor] Joe Hogsett, later issued Public Health Order 25-2020 in

3

which she clarified the meaning of 'bars and nightclubs' and made a distinction between restaurants that were 'age restricted' and 'not age restricted.'" [Filing No. 1-2 at 7.] Plaintiffs also allege that the City Defendants participated in an earlier Public Health Order that is not challenged in this lawsuit, contending that "[Dr.] Caine . . ., in conjunction and/or with the support of the City of Indianapolis and Mayor Joe Hogsett, issued Order 16-2020 on June 11, 2020." [Filing No. 1-2 at 6.] In their Answer, the City Defendants "deny that [they] issued or had any role in issuing Order 25-2020," [Filing No. 31 at 5], and further "deny that [they] issued or had any role in issuing Order 16-2020," [Filing No. 31 at 4]. With the filing of their Answer, the City Defendants filed a Motion for Judgment on the Pleadings. [Filing No. 29.]

## II.
### LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings include "the complaint, the answer, and any written instruments attached as exhibits." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, ---F.3d---, 2020 WL 7585945, at *3 (7th Cir. Dec. 22, 2020) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). "The only difference between a motion for judgment on the pleadings and a motion to dismiss [under Rule 12(b)(6)] is timing; the standard is the same." *Id.* When evaluating a motion to dismiss, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016) (citation omitted).

Under Federal Rule of Civil Procedure 12(b)(6), the allegations in a complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative

4

level." *Id.* at 480 (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (citation omitted).

### III.
#### DISCUSSION

The City Defendants ask the Court to dismiss Plaintiffs' claims against them, arguing that Plaintiffs are "barking up the wrong tree" because the City Defendants "are not responsible for public health orders issued by the [MCPHD] and Dr. Virginia Caine." [Filing No. 30 at 1]. They first contend that Plaintiffs lack standing under Fed. R. Civ. P. 12(b)(1)[2] with respect to their claims against the City Defendants because the allegations in the Complaint fail to establish a causal connection between the injuries that Plaintiffs are alleged to have suffered and the conduct of the City Defendants. [Filing No. 30 at 5-6.] They further argue that "Plaintiffs have failed to name one action other than operating in 'conjunction' with the MCPHD that details why the City of Indianapolis and Mayor Hogsett have any involvement whatsoever in this lawsuit," [Filing No. 30 at 6], and contend that, in any event, the City Defendants are incapable of providing the relief

---

[2] A motion to dismiss under Fed. R. Civ. P. 12(b)(1), which can be raised at any time, is decided under a different standard than a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See, e.g.*, *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 778 (S.D. Ind. 2016) (addressing each standard).

requested by Plaintiffs in this lawsuit because they "cannot issue order[s] on behalf of the MCPHD, nor can [they] rescind orders [the MCPHD Defendants] issued," [Filing No. 30 at 7]. The City Defendants next argue that Plaintiffs have failed to plausibly allege a claim for relief against them because the "bare bones assertion that Dr. Caine and Mayor Hogsett were working in conjunction" is insufficient under the pleading standard. [Filing No. 30 at 8-9]. Finally, with respect to Plaintiffs' claims under 42 U.S.C. § 1983, the City Defendants argue that Plaintiffs have failed to allege a policy or custom of the City Defendants that resulted in the alleged constitutional violations, as required by *Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658 (1978), necessitating dismissal of these claims. [Filing No. 30 at 9-11.]

In response, Plaintiffs argue that they sufficiently allege a causal connection for purposes of standing because the City Defendants' "participation in the issuance of the business closing orders, *and the subsequent enforcement of those orders*, is the whole point of the lawsuit." [Filing No. 32 at 6 (emphasis original).] Specifically, they contend that "both the Mayor and the City of Indianapolis worked in conjunction with Dr. Virginia Caine and the [MCPHD] in issuing and enforcing orders that financially devastated Plaintiffs." [Filing No. 32 at 7.] Plaintiffs also contend that the City Defendants can provide the injunctive relief requested by Plaintiffs, which seeks to enjoin enforcement of the public health orders. [Filing No. 32 at 8.] Plaintiffs next argue that the relevant inquiry at this stage is "whether something could happen, not did [it] happen," and thus they have adequately pled claims against the City Defendants by alleging that the City Defendants acted in concert with the MCPHD Defendants. [Filing No. 32 at 9.] Finally, in response to the City Defendants' contention that Plaintiffs' 42 U.S.C. § 1983 claims are inadequately pled because they fail to allege a practice or policy under *Monell*, Plaintiffs respond that they have sufficiently alleged that Mayor Hogsett is a person with "final policymaking authority" because he "is

responsible for the execution and enforcement of ordinances," and "Plaintiffs have asserted that Mayor Hogsett participated in the issuance and enforcement of the illegal public health orders." [Filing No. 32 at 10.]

The City Defendants did not file a reply in support of their Motion.

In order to meet the pleading standard and avoid dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must put forward "factual allegations [that] plausibly suggest an entitlement to relief" to a degree that rises "above the speculative level." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681 and *Twombly*, 550 U.S. at 555). In order to meet this standard, a plaintiff must "provide some specific facts to support the legal claims asserted in the complaint." *Id.* (internal quotation marks and alternation omitted). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

The claims asserted by Plaintiffs all challenge the Public Health Orders issued by the MCPHD by alleging that they violate the U.S. Constitution, the Indiana Constitution, and Indiana law. [*See* Filing No. 1-2 at 31-40.] The only allegations against the City Defendants are that Dr. Caine "in conjunction with [Mayor] Hogsett" issued Public Health Order 25-2020 and that Dr. Caine "in conjunction and/or with the support of" the City Defendants issued Public Health Order 16-2020. [Filing No. 1-2 at 6; Filing No. 1-2 at 7.] Plaintiffs do not furnish any specifics about how the City Defendants were involved in issuing the Public Health Orders published by the MCPHD Defendants under statutory authority granted specifically to health departments to take action to stop epidemics and signed by Dr. Caine. Simply put, Plaintiffs' *de minimis* conclusory allegations about the City Defendants—that they somehow worked in "conjunction with" the

7

MCPHD—do not tell "a story that holds together," to meet the pleading standard. *See McCauley, 671 F.3d at 616*. Instead, the allegations are nothing more than conclusions unsupported by factual allegations, and such conclusions are properly excised when evaluating whether the Complaint alleges a plausible entitlement to relief. *See id.* at 617 ("Many of the alleged 'facts' are actually legal conclusion or elements of the cause of action, which may be disregarded on a motion to dismiss.").

In addition to lacking factual allegations, Plaintiffs' Complaint also does not explain how the City Defendants could be liable for actions that Plaintiffs both concede and in fact allege were taken by Dr. Caine. [*See, e.g.*, Filing No. 1-2 at 6 (alleging that Dr. Caine issued the order).] Furthermore, Plaintiffs' contention that they are also complaining about the City Defendants' enforcement of the Public Health Orders, [Filing No. 32 at 6], is belied by the absence of any allegations about the City Defendants' enforcement of the orders in their Complaint.

In summary, Plaintiffs fail to plausibly allege a claim against the City Defendants, and therefore the Court **GRANTS** the City Defendants' Motion for Judgment on the Pleadings. [Filing No. 29]. Having concluded that dismissal of the claims against the City Defendants is warranted under Fed. R. Civ. P. 12(c), the Court declines to address the remaining arguments raised by the City Defendants in support of dismissal, including their standing arguments under Fed. R. Civ. P. 12(b)(1). *See Schuller v. Am.'s Wholesale Lender*, 2015 WL 5316413, at *3 (N.D. Ill. Sept. 9, 2015).

## IV.
### CONCLUSION

For the reasons explained in this Order, the City Defendants' Motion for Judgment on the Pleadings, [29], is **GRANTED**. No partial final judgment will issue at this time.

Date: 1/6/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**