# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF INDIANA

# INDIANAPOLIS DIVISION

| | |
|---|---|
| BAR INDY LLC, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 1:20-cv-02482-JMS-DML |
| MARION COUNTY PUBLIC | ) |
| HEALTH DEPARTMENT, and | ) |
| DR. VIRGINIA CAINE, (in | ) |
| her official capacity as Director | ) |
| and Chief Medical Officer) | ) |
| | ) |
| Defendants | ) |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT DR. VIRGINIA CAINE

COMES NOW Plaintiffs, by counsel, and serves upon Defendant Dr. Virginia Caine the following Interrogatories, to be answered in writing and under oath within thirty (30) days from the date of service hereof pursuant to Rule 33 of the Federal Rules of Civil Procedure.

The Interrogatories which follow are to be considered continuing, and you are requested to provide by way of supplementary answers thereto, such additional information as you or any other person acting in your behalf may hereafter obtain which will correct, augment, amend or modify your answers now given to the Interrogatories below.

### INSTRUCTIONS AND DEFINITIONS

A. These Interrogatories are directed to Defendant, and concern the incident referred to in Plaintiffs' Complaint.

B. When reference is made to "Defendant," to "Defendants" or to "you" in these Instructions, Definitions or Interrogatories, it means and includes Defendant, and includes all agents, employees and attorneys of Defendant. Reference in the singular shall also mean and include the plural and vice versa, unless another meaning is clear. In answering these Interrogatories, you are to furnish all information which is available to you, including information in the possession or control of your attorneys, employees, agents, insurance carriers and anyone else acting on your behalf or otherwise subject to your control.

C. If you cannot answer any Interrogatory in full, after exercising due diligence in attempting to secure the information necessary to answer in full, answer to the extent possible, explain why you cannot answer the remainder and state the nature of the information or knowledge that you cannot furnish.

D. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an Interrogatory or any portion thereof, state in complete detail each and every fact and ground upon which the privilege is based, including sufficient facts for the Court to make a determination whether the claim of privilege is valid.

E. The following definitions apply to these Interrogatories and your answers thereto. The terms mean, include and refer to the definitions.

(1) "MCPHD" – the Marion County Public Health Department, or any of its employees.

(2) "Pandemic" and "epidemic" - the pandemic/epidemic of the COVID-19 virus unless otherwise specified.

(3) "Virus" – the COVID-19 virus unless otherwise specified.

(4) "Public Health Order(s)" – the orders issued by Dr. Virginia Caine and the Marion County Health Department in response to the COVID-19 pandemic.

(5) "Executive Order(s)" – the orders issued by Governor Eric Holcomb in response to the COVID-19 pandemic.

(6) "Person" - any natural person, firm, association, partnership, corporation or other type of entity or government body.

(7) "Complaint" - the most recent Complaint or Amended Complaint filed by Plaintiffs.

(8) "Document" - any written record, however produced or reproduced, whether sent or received, and both sides thereof, in any media, and including but not limited to papers, e-mails, accounts, letters, correspondence, memoranda, notes, work papers, intra- and inter-office communications, statements, invoices, summaries, opinions, reports, contracts, agreements, telephone logs, studies, analyses, computer printouts, microfilm and things similar to any of the foregoing, however denominated.

(9) "Written" - made or kept as a document, whether hard copy or in electronic format.

(10) "Article" - any article, magazine, journal, newsletter, blueprint, drawing, design, sketch, book, textbook, brochure, pamphlet and thing similar to any of the foregoing, however denominated, in any media.

(11) "Identify" ("or state the identity of") with respect to a person means set forth the following information:

    1. His or her name.

    2. His or her present or last known residence and business address.

    3. His or her present or last known employer and job position.

(12) "Identify" ("or state the identity of") with respect to a document means set forth the following information:

    1. A general description thereof (e.g., letter, memorandum, report, etc.)

    2. A brief summary of its contents;

    3. The name and address of the custodian of the original;

    4. The name and address of the person(s), if any, who drafted, prepared, compiled or signed it; and,

    5. Any other descriptive information necessary in order to adequately describe it in a subpoena duces tecum, or in a request for production thereof.

## INTERROGATORIES

1. State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the response to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**ANSWER:**

2. Please describe the process by which Dr. Caine became Director of the MCPHD including the names and positions of the persons responsible for hiring her, her date of hire and the anticipated duration, if known, of her employment in that position.

**ANSWER:**

3. Please describe how MCPHD operates in relation to other city or county agencies. In doing so, please state who or which organization oversees or supervises the actions of Dr. Caine and the MCPHD and describe to what extent the MCPHD is autonomous.

**ANSWER:**

4. Identify all persons that participated in the decision-making process related to the issuance of the Marion County Health Department's Public Health Orders, including their name, address, position and a description of their role in the decision-making process.

**ANSWER:**

5. Please describe to what extent Mayor Joe Hogsett, or any other persons from Mayor Hogsett's office have been involved in the decisions of the MCPHD as it relates to the issuance of the Public Health Orders, or the MCPHD's COVID-19 policies in general.

**ANSWER:**

6. Describe all the steps taken by the MCPHD, if any, to determine if the MCPHD had the legal authority to issue Public Health Orders that restricted the occupancy, operating hours and conduct of Marion County businesses.

**ANSWER:**

7. Did the MCPHD conduct, study or review any economic forecast, study, survey or any other data that related to the economic effect on establishments that may result or have resulted from the issuance of the Public Health Orders? If the answer is "yes," identify the name(s) of the person(s) who promulgated the data, the specific documents, files or other writings that contained said data, the location and identity of the keeper of the records of said data.

**ANSWER:**

8. Did the MCPHD consult, discuss or converse with any person outside of the MCPHD on the economic effect on businesses that may result or have resulted from the issuance

of the Public Health Orders? If the answer is "yes," identify the name(s) of the person(s), their address, position and the nature of the consultation.

**ANSWER:**

9. State each and every reason why MCPHD's Public Health Orders have required bars to close at midnight, including identifying all facts, studies, data, scientific principles and/or theories, if any, relied upon.

**ANSWER:**

10. State each and every reason why MCPHD's Public Health Orders have forbidden counter/bar seating, including identifying all facts, studies, data, scientific principles and/or theories, if any, relied upon.

**ANSWER:**

11. Was it ever the MCPHD's policy to prevent a bar or nightclub from modifying its business operations so that it would not receive the benefit of more relaxed business restrictions under the Public Health Orders? If so, state each and every reason why the MCPHD undertook such a policy, and identify all facts, studies, data, scientific principles and/or theories, if any, that MCPHD relied upon in support of said policy.

**ANSWER:**


12. Do you have specific evidence that any of the Plaintiffs have violated any of the Public Health Orders or the Governor's Executive Orders. If so, then state the date, time, nature of the violation, the violation/citation identifier (if one was issued) and the name, position and address of the investigating officer/official/inspector.

**ANSWER:**


13. Do you contend that there is a rational basis for distinguishing between restaurants and bars in MCPHD's Public Health Orders? If the answer is "yes", then identify each and every basis to distinguish bars from restaurants and each and every fact, study, data, scientific principle and/or theory that supports this basis.

**ANSWER:**


14. Has the MCPHD reviewed contact tracing data as it related to the spread of COVID-19 virus. If the answer is "yes," identify the name(s) of the person(s) who promulgated the data, the specific documents, files or other writings that contained said data, the location and identity of the keeper of the records of said data.

**ANSWER:**

15. Is the MCPHD aware of any studies or contact tracing data that shows the COVID-19 virus being spread in bars and nightclubs. If the answer is "yes," identify the name(s) of the person(s) who promulgated the data, the specific documents, files or other writings that contained said data, the location and identity of the keeper of the records of said data.

**ANSWER:**

16. Does the MCPDH contend that the COVID-19 virus is currently being spread at bars or nightclubs? If the answer is "yes," then identify each and every fact, study, data, scientific principle and/or theory that supports this contention.

**ANSWER:**

17. Does the MCPDH have any evidence that any specific person(s) contracted the COVID-19 virus at a Marion County bar or nightclub? If the answer is "yes," then identify with specificity each and every fact, report, or data that supports this contention.

**ANSWER:**

18. Does the MCPDH have any evidence that any specific person(s) has been hospitalized and/or died after contracting the COVID-19 virus at a Marion County bar or nightclub? If the answer is "yes," then identify with specificity each and every fact, report or data that supports this contention.

**ANSWER:**


19. When issuing its Public Health Orders, did the MCPHD seek to impose restrictions on businesses that were the "least restrictive means necessary" to accomplish the goal of the orders. If the answer is "yes," then identify with specificity each and every fact, report or data, that supports this contention.

**ANSWER:**


20. Describe in detail the process by which occupancy restrictions contained in the Public Health Orders were determined, including identifying all facts, studies, data, scientific principles and/or theories, if any, that MCPHD relied upon in support of using the occupancy restrictions.

**ANSWER:**


21. Has the Defendant contacted or consulted with any expert witnesses regarding this case? If so, for each expert witness, state:

    a.    his or her name, address, and professional occupation;

    b.    the subject matter on which the expert is to testify;

    c.    the substance of the facts known by the expert that are relevant to the subject matter that the person will testify concerning;

    d.    the opinions, held by the expert, that are relevant to the subject matter that the person will testify concerning;

    e.    the grounds for the opinions.

**ANSWER:**

I HEREBY VERIFY UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT.

_____ _____
Date  Defendant Dr. Virginia Caine

Respectfully submitted,
POYNTER & BUCHERI, LLC

/s/*Richard C. Bucheri*
Richard C. Bucheri, #19287-49
John D. Norman, #34714-41
*Attorneys for Plaintiffs*

## **CERITIFCATE OF SERVICE**

      I hereby certify that on January 25, 2021, I electronically served the foregoing document on the below-named counsel via the PACER filing system:

A. Scott Chinn (#17903-49)
Anne K. Ricchiuto (#25760-49)
Jason M. Rauch (#34749-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204

                                                       **/s/    Richard C. Bucheri**
                                                               Richard C. Bucheri

**POYNTER & BUCHERI, LLC**
4202 Madison Avenue
Indianapolis, IN 46227
317-780-8000
317-780-7050-fax
richbucheri@gmail.com
john@pb-law.com